DA 19-0063

FILED

07/28/2020

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 19-0063

IN THE SUPREME COURT OF THE STATE OF MONTANA

2020 MT 190N

STATE OF MONTANA,

      Plaintiff and Appellee,

v.

NATHAN JENS FRANKFORTER,

      Defendant and Appellant.

APPEAL FROM:     District Court of the First Judicial District,
In and For the County of Lewis and Clark, Cause No. ADC 2017-83
Honorable Mike Menahan, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

          Joseph P. Howard, Joseph P. Howard, P.C., Helena, Montana

      For Appellee:

          Timothy C. Fox, Montana Attorney General, Hannah E. Tokerud, Assistant Attorney General, Helena, Montana

          Leo Gallagher, Lewis and Clark County Attorney, Fallon Stanton, Deputy County Attorney, Helena, Montana

Submitted on Briefs:  June 24, 2020

Decided:  July 28, 2020

Filed:

_____
Clerk

Justice James Jeremiah Shea delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion, shall not be cited, and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Defendant Nathan Jens Frankforter appeals from the November 27, 2018 Judgment and Commitment of the First Judicial District Court, Lewis and Clark County, following his felony conviction of criminal drug possession. We restate and address the following issue on appeal: Did the District Court err by denying Defendant's motion to suppress evidence based on an alleged lack of particularized suspicion of wrongdoing?

¶3 We affirm.

¶4 On February 27, 2017, the State charged Frankforter with Count I, Criminal Possession of Dangerous Drugs, a felony, in violation of § 45-9-102(1), MCA; Count II, Theft, a felony, in violation of § 45-6-301(1)(b), MCA; or alternatively, Count III, Theft, a felony, in violation of § 45-6-301(3)(b), MCA. The charges stem from an incident involving a reported stolen vehicle on the 2300 block of Boulder Avenue, in Helena, Lewis and Clark County, Montana. The vehicle, a blue 2004 Chrysler PT Cruiser, had been reported stolen the evening of February 5, 2017. At approximately 12:16 a.m. on February 6, 2017, law enforcement officers of the Lewis and Clark County Sheriff's Office and the Montana Highway Patrol responded to a dispatch call regarding the location of a

stolen vehicle. Frankforter was observed in the area and was stopped, searched, and arrested pursuant to an active warrant.

¶5 On June 5, 2017, and again on August 13, 2018, Frankforter moved to suppress evidence obtained pursuant to his arrest, and to dismiss the charges against him. The District Court held hearings on the motions. Lewis and Clark County Sheriff's Deputy Haegle testified that he located the stolen vehicle parked near a residence in a neighborhood surrounded by commercial property. Deputy Haegle also testified that he was familiar with the area based on prior investigations of stolen vehicles and illegal drug activity. When Deputy Haegle illuminated the vehicle using his patrol vehicle's spotlight, he testified he could see exhaust coming out the back of the vehicle, indicating the engine was left running. Deputy Haegle confirmed that the vehicle's license plate matched that of the reported stolen vehicle. Deputy Haegle also testified that he observed no occupants in the vehicle and no one near the vehicle.

¶6 Deputy Schmidt testified that he responded to the scene and parked his patrol car east of the property where the stolen vehicle was located. While parked, Deputy Schmidt observed two individuals walking north, away from the location of the stolen vehicle. Deputy Schmidt estimated that the individuals were fifty feet away from the vehicle when he spotted them. Deputy Schmidt also testified that he observed no other people in the area and no businesses were open at that hour.

¶7 Montana Highway Patrol Trooper Uhl also testified. He stated that after he arrived on scene, he received Deputy Schmidt's radio transmission regarding the two individuals

walking away from the stolen vehicle's location. Trooper Uhl drove around the area and observed the two individuals walking north on Boulder Avenue between two trailer homes. Trooper Uhl attempted to stop the individuals by yelling at them through his open window. When the individuals continued walking, Trooper Uhl activated his overhead lights and parked his patrol vehicle at the end of a driveway leading to one of the trailer homes. Trooper Uhl exited his vehicle and observed only one of the individuals outside, identified as Frankforter. Frankforter admitted he had the key to the stolen vehicle and that he had driven the stolen vehicle. Frankforter was arrested pursuant to an active warrant and booked at the Lewis and Clark County Detention Center. During booking, detention officers located three small plastic baggies containing a white powdery residue that later tested positive for methamphetamine.

¶8 The District Court denied Frankforter's motions to suppress evidence and to dismiss the charges against him. The case proceeded to jury trial on September 10, 2018. Frankforter was found guilty of criminal drug possession under Count I, and not guilty of felony theft under Count II. The jury was unable to reach a verdict as to the alternative charge of felony theft under Count III. On November 26, 2018, Frankforter was sentenced to the Montana State Prison for a five-year commitment.

¶9 Frankforter appeals his conviction, arguing that the District Court erred by denying his motions to suppress and dismiss because no particularized suspicion existed that Frankforter was engaged in wrongdoing. Specifically, Frankforter asserts his presence in

an area purportedly known for its high crime rate could not supply law enforcement with particularized suspicion to stop him.

¶10 We review a district court's order on a motion to suppress evidence for whether the court's findings of fact are clearly erroneous, and whether those findings were correctly applied as a matter of law. *State v. Bar-Jonah*, 2004 MT 344, ¶ 38, 324 Mont. 278, 102 P.3d 1229. A finding of fact is clearly erroneous if it is unsupported by substantial evidence, if the court misapprehended the effect of the evidence, or if our review of the record leaves us with a definite and firm conviction that a mistake has been made. *City of Helena v. Brown*, 2017 MT 248, ¶ 7, 389 Mont. 63, 403 P.3d 341.

¶11 A criminal defendant has the federal and state constitutional right to be free of unreasonable governmental searches and seizures. *Brown*, ¶ 9 (citing U.S. Const. amend. IV; Mont. Const. art. II, § 11). These constitutional protections extend to law enforcement's investigatory stop of an individual. *See Brown*, ¶ 9. "Before effectuating a stop, a police officer must observe circumstances that create 'a particularized suspicion that the person or occupant of the vehicle has committed, is committing, or is about to commit an offense.'" *Brown*, ¶ 9 (quoting § 46-5-401(1), MCA). Particularized suspicion is "objective data and articulable facts from which an experienced officer can make certain inferences" coupled with "a resulting suspicion that" the person to be stopped "is or has been engaged in wrongdoing or was a witness to criminal activity." *Brown*, ¶ 9. Whether particularized suspicion exists is determined by evaluating the totality of the circumstances. *Brown*, ¶ 10.

¶12     While Frankforter's presence in a purported high crime area alone is insufficient to supply law enforcement with particularized suspicion to stop him, *see State v. Jarman*, 1998 MT 277, ¶ 14, 291 Mont. 391, 967 P.2d 1099, this observation, combined with the officers' other observations, formed the basis for the stop. Trooper Uhl was informed by Deputies Haegle and Schmidt that a reported stolen vehicle had been found unoccupied with its engine running. Trooper Uhl observed Frankforter walking away from the scene of the vehicle just after midnight. Frankforter was only approximately fifty feet from the vehicle when he was first spotted. No other businesses in the area were open and no other traffic in the area was observed. The totality of the circumstances justified Trooper Uhl's stop of Frankforter. The District Court did not err in denying Frankforter's motions to suppress evidence and dismiss Frankforter's charges.

¶13     We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for memorandum opinions. In the opinion of the Court, the case presents a question controlled by settled law or by the clear application of applicable standards of review. Affirmed.

/S/ JAMES JEREMIAH SHEA

We Concur:

/S/ MIKE McGRATH
/S/ LAURIE McKINNON
/S/ INGRID GUSTAFSON
/S/ JIM RICE